# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CRISTAL HERNANDEZ,**

    Plaintiff,

  -vs-                                  Case No. 13-C-366

**LA FUENTE Ltd., LA FUENTE KOSSOW Ltd.,
JOSE G. ZARATE, ELVA NAVEJAR,**

    Defendants

## DECISION AND ORDER

The plaintiff, Cristal Hernandez, moved for entry of default against defendant La Fuente Kossow, Ltd under Federal Rule of Civil Procedure 55(a). The Court directed the Clerk of Court not to enter default at that time, even though La Fuente Kossow's failure to "plead or otherwise defend" was "shown by affidavit." This was a mistake because the language of the rule is mandatory — "the clerk must enter the party's default." In any event, because this defendant appeared and filed an answer shortly thereafter, the Court finds that there would be good cause to vacate the entry of default had it been entered. Fed. R. Civ. P. 55(c); *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 386 (7th Cir. 2008) ("the district court ha[s] the authority to set aside *sua sponte* an entry of default . . . for good cause").

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

    1.      Hernandez's motion for the entry of default [ECF No. 16] is **DENIED**;

2. Pursuant to Federal Rule of Civil Procedure 16(b), a telephonic scheduling conference is scheduled for **August 21, 2013** at **9:30 a.m.** (Central Time). Please be available at that time. The Court will initiate the call.

3. The purpose of the conference call is to establish a scheduling order which will limit the time: (a) to join other parties and to amend the pleadings; (b) to file motions; (c) to complete discovery;

4. The scheduling order may also: (a) modify the timing for disclosure under Rules 26(a) and 26(e)(1) and of the extent of discovery to be permitted; (b) provide for the disclosure or discovery of electronically stored information; (c) include any agreements the parties reach for asserting claims of privilege or protection as trial preparation material after information is produced; (d) the date or dates for conferences before trial, a final pretrial conference, and trial; and (e) any other matters appropriate in the circumstances of the case;

5. The time limitations set forth in the scheduling order may only be modified for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4);

6. The parties should be prepared to discuss the matters listed in Civil Local Rule 16(a)(1). Please refer to Attachment A. Special attention should also be given to Rule 26(f)(1), which requires the parties to

conduct a settlement/discovery conference at least twenty-one (21) days prior to the initial scheduling conference described above. The Rule 26(f) conference may be conducted by telephone. Rules 26(f)(2) and (3) mandate that the parties, within fourteen (14) days of their conference: (a) file a written report outlining the proposed discovery plan they have developed at their Rule 26(f) conference; and (b) make the required initial disclosures under Rule 26(a) regarding witnesses and documents. In addition to the matters specified in Rules 26(f)(2) and (3), the Court requests that the proposed discovery plan submitted by the parties include one or two sentences stating the nature of the case;

7.  The written report must include the telephone numbers where the parties can be reached for this call.

Dated at Milwaukee, Wisconsin, this 20th day of June, 2013.

                                          **BY THE COURT:**

                                          */s/ Rudolph T. Randa*
                                          **HON. RUDOLPH T. RANDA**
                                          **U.S. District Judge**