IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

Cristal Hernandez,
        Plaintiff,

                                    CASE NO. 13-CV-366-RTR

    v.

La Fuente Ltd., *et al.*
        Defendants.

PLAINTIFF'S BRIEF IN SUPPORT OF HER UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Introduction

The Settlement Agreement (ECF No. 84-1) in this matter resolves the dispute between Defendants La Fuente LTD, La Fuente Kossow LTD, Zarate Corp., Jose Zarate, and Elva Navejar (collectively "La Fuente") and Plaintiff Cristal Hernandez ("Hernandez"), the Opt-In Plaintiffs, and the Class Members (collectively "Class Members") (*see* ECF No. 84-2 for a list of Class Members) who claimed they were denied minimum and overtime compensation under the Fair Labor Standards Act and Wisconsin's wage and hour laws. The Settlement Agreement creates a common fund used to pay costs, attorneys' fees, enhancement payments, and the claims of the participating Class Members. Class Members were provided a court-approved notice informing them of the settlement, their right to object to or exclude themselves from the settlement, as well as the amount they would be receiving under the Settlement Agreement. <u>None of the Class Members have either objected to or excluded themselves from the settlement</u>.

The absence of any objection to the settlement, the absence of any exclusion from the settlement, the benefit provided to the Class Members in light of the risks presented, and the number of claims being paid through the settlement all support the final approval of this class action settlement be granted.

## Statement of facts

### I. Procedural history.

Hernandez filed a lawsuit under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and Wisconsin wage payment and overtime laws, Wis. Stat. §§ 103, 104, 109, *et seq.,* as class and collective action to recover unpaid wages against La Fuente on April 2, 2013 (ECF No. 1). Hernandez filed her First Amended Complaint on September 27, 2013 (ECF No. 25-1) and her Second Amended Complaint on May 30, 2014 (ECF No. 81.).

Hernandez alleged, on behalf of herself and others similarly situated, that La Fuente owed her and other similarly situated servers the difference between the sub-minimum wage they were paid ($2.33 per hour) and the minimum wage ($7.25 per hour) because La Fuente:

- failed to provide the required notice and explain to its Servers what the Servers would be paid per hour, that La Fuente was going to use the tips the Servers received to meet La Fuente's minimum wage obligations, that the Servers tips are their own, and that the tip credit cannot exceed $4.92;

- operated a tip pool in which a non-tipped employee, a parking lot attendant, received money from;

- allowed or required its Servers to pay for customer walk-outs, or returned food and drink orders; and/or

> failed to maintain records establishing that La Fuente withheld the required taxes on all tips the Servers reported to La Fuente.

(ECF No. 81.)

La Fuente filed an Answer on May 16, 2013 (ECF No. 18) and an Answer to Hernandez's First Amended Complaint on October 18, 2013 (ECF No. 40) denying the material allegations in Hernandez's Complaints.

On September 27, 2013, the Parties stipulated to conditional certification of the FLSA collective action in this matter. (ECF No. 26.) The Court entered an Order granting the stipulation and approving the Collective Action Notice. (ECF No. 29.) In total, thirty-one individuals opted into the FLSA Collective Action. (ECF Nos. 3-1, 4-1, 5-1, 6-1, 7-1, 10-1, 24-1, 35-1, 43-1, 44-1, 45-1, 47-1, 49-1, 50-1, 52-1, 53-1, 54-1, 55-1, 55-1, 56-1, 59-1, 60-1, 60-1, 60-3, 60-4, 60-5, 61-1, 62-1, 64-1, 78-1.) According to La Fuente's payroll records, eight of the individuals who opted into this matter did not work as a Server for La Fuente and/or did not work within three years of the date they opted into this matter.[1] (Johnson Decl. ¶ 7, ECF No. 87.) These individuals were dismissed by the Court's September 4, 2014 Order.

On June 10, 2014, the Parties engaged in mediation with former Magistrate Judge Morton Denlow who has a vast amount of experience in mediating complex wage and hour matters. (Johnson Decl. ¶ 11, ECF No. 87.) Through mediation, the Parties were able to reach an agreement to resolve this matter. (Johnson Decl. ¶ 11, ECF No. 87.) The negotiations were held at arm's length and were highly contested. (Johnson Decl. ¶ 11, ECF No. 87.)

---

[1] These eight Opt-In Plaintiffs are Mindy Bostrom-Ramm; Lisa Davis; Jacquelino Isidoro; Dallas Klopotic; James Ponton; Carmel Silva; Juana Tostado; and Kayla Wojes.

## II. The Court preliminary approved the Settlement Agreement and Notice was provided to the Class Members.

Preliminary approval of the Settlement Agreement was granted by the Court on July 15, 2014. (ECF No. 88.) In the Court's order, it authorized Class Counsel to mail the Notice of Class Action Settlement to Class Members. (ECF No. 88.) The Notice was mailed to Class Members on July 22, 2014. (Declaration of Larry A. Johnson in Support of Unopposed Motion for Final Approval of Class Action Settlement ("Johnson Decl.") ECF No. 100, ¶ 2.) The Notice informed each Class Member that he/she could (1) do nothing and participate in the settlement; (2) exclude themselves from the settlement; or (3) object to the terms of the settlement. (ECF No. 84-3.) Additionally, a letter was sent to the current La Fuente employees to ensure that the class list contained updated addresses and to inform the current La Fuente employees that the Notice was mailed. (ECF No. 84-2.)

In total, fourteen Notices were returned undeliverable and Class Counsel re-sent all fourteen to new addresses after Class Counsel's efforts to find new addresses. (Johnson Decl. ECF No. 100, ¶ 3.) Despite locating additional mailing addresses, one Notice remained unbelievable. (Johnson Decl. ECF No. 100, ¶ 3.) At the close of the sixty day Notice Period, <u>no Class Members filed an objection the Settlement Agreement, no Class Member excluded himself/herself form the Settlement Agreement, nor did any Class Member object to Class Counsel's petition for attorneys' fees and costs</u>. (Johnson Decl. ECF No. 100, ¶ 4.) Moreover, since the Notice Period closed, Class Counsel has not received any late objections, exclusions or objections to the fess. (Johnson Decl. ECF No. 100, ¶ 4.)

### III. The individual settlement amounts were calculated based upon the number of hours each Class Member worked within the statutory period.

Because the FLSA collective action is an opt-in action and the Wisconsin state law class action is an opt-out action, and because the FLSA has a three-year statute of limitations and a Wisconsin state law claim has a two-year statute of limitations, the Settlement Agreement provides for the Settlement Fund to be split into two separate funds:

1. **The FLSA Settlement Fund:** This fund will be allocated to the Servers who filed opt-in forms to join the FLSA collective action and who worked for La Fuente within three years of the date they opted in.

2. **The Rule 23 Settlement Fund:** This fund will be allocate to the Servers who do not exclude themselves from the FED.R.CIV.P. 23 Class and who worked for La Fuente between April 2, 2011 and December 31, 2013 (ECF No. 84-1.)

Additionally, one of Hernandez's four legal theories, that the Servers were not provided notice of the tip credit provisions of the FLSA, is an FLSA only claim. (Johnson Decl. ¶ 13, ECF No. 87.) Therefore, the Servers who opted into the FLSA collective action will be able to participate in both the FLSA Settlement Fund and the Rule 23 Settlement Fund. (ECF No. 84-1.) The FLSA Settlement Fund will be allocated 25% of the Settlement Fund ($32,762.79), while the Rule 23 Settlement Fund will be allocated the remaining 75% of the Settlement Fund ($98,288.37). (ECF No. 84-1.)

Plaintiff's Counsel used payroll records from La Fuente, produced in discovery, to calculate the number of hours worked by each putative Class Member during the applicable statutory period. (Johnson Decl. ¶ 8, ECF No. 87.) With this

information, Plaintiff's Counsel built damage models for each La Fuente restaurant calculating the potential damages each putative Class Member may have. (Johnson Decl. ¶ 9, ECF No. 87.) These damage models were provided to La Fuente in late January 2014. (Johnson Decl. ¶ 9, ECF No. 87.)

Based on the total number of hours each Server worked, as compared to the total number of hours all Servers worked, each individual Server was assigned a *pro rata* percentage of the amount of hours worked. (Johnson Decl. ¶ 16, ECF No. 87; ECF No. 84-2.) Because potential damages in this matter are based exclusively on the number of hours each Server worked, the *pro rata* percentage that was applied to both the FLSA Settlement Fund and the Rule 23 Settlement Fund to determine each individuals' share of those funds is fair and reasonable. (Johnson Decl. ¶ 17, ECF No. 87; ECF No. 84-2.) In other words, the two Settlement Funds are allocated in a way to ensure that they are proportionate to the amount of actual hours worked by each Server when compared to the whole number of hours worked by all Servers. (Johnson Decl. ¶ 17, ECF No. 87; ECF No. 84-2.)

## Argument

An FLSA settlement requires court approval in order to be valid and enforceable. *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986). Employees can only bargain, waive, or modify their right to recovery if the parties agree to the terms of the settlement and the Court approves the settlement as a fair and reasonable resolution of the bona fide dispute over FLSA provisions,

and the settlement is entered as a stipulated judgment. *Lynn's Food Store, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982).

Similarly, a FED.R.CIV.P. 23(b)(3) class action may only be approved if (1) the individual class members are afforded a new opportunity to request exclusion from the settlement; (2) a hearing has been conducted; and (3) the Court finds that the settlement is fair, reasonable, and adequate. FED.R.CIV.P. 23(e). In making this determination, the Court "must weigh the probabilities of victory or defeat as indicated by the legal or factual situation presented and determine whether the compromise, taken as a whole, is in the best interest of the class members." *United Founders Life Ins. Co. v. Consumers National Life Ins. Co.*, 447 F.2d 647, 655 (7th Cir. 1971)(internal quotations omitted). Other factors considered are the complexity, expense, and likely duration of the litigation; reaction of the Class Members to the settlement; the stage of the proceedings and the amount of discovery complete; the risks of establishing liability; the risks of establishing damages; the ability of the La Fuente to withstand greater judgment; and the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2nd Cir. 1974).

This Court preliminarily found that the terms of the Settlement Agreement reached by the Parties is fair, reasonable, and adequate. (ECF No. 88.) Nothing has occurred since the Court's preliminary finding and therefore nothing should disturb this finding.

## I. The Class Members' response to the settlement demonstrates that it is reasonable, fair, and should be granted final approval.

Each of the 106 Class Members in this case was mailed a Notice of Class Action Settlement sanctioned by the Court in granting Preliminary Approval of the Settlement Agreement. (ECF No. 88; ECF No. 84-2; Johnson Decl. ECF No. 100, ¶ 2.) The Notice informed the Class Members of the amount they stood to collect under the Settlement Agreement, their right to object to the settlement and/or Class Counsel's petition for attorneys' fees, and their right to exclude themselves from the settlement. (ECF No. 84-2.)

No Class Member has objected to the settlement or to Class Counsel's petition for attorneys' fees and costs, nor has any class member filed an exclusion. (Johnson Decl. ECF No. 100, ¶ 4.) The absence of any objections supports that this class action settlement should be approved. *See Berndt v. Cleary Bldg. Corp.*, 2013 WL 6331344, *3 (W.D. Wis. Dec. 5, 2013) (relying on "the lack of any objections" as evidence that "parties' settlement is fair, reasonable and adequate pursuant to Federal Rule of Civil Procedure 23(e) and that the settlement represents a fair and reasonable resolution of a bona fide [FLSA] dispute."); *McKinnie v. JP Morgan Chase Bank, N.A.*, 678 F. Supp. 2d 806, 809 (E.D. Wis. 2009) (finding that two objectors in a settlement with 1,200 claimants show a "lack of significant opposition to the settlement" which supported its approval). No Class Member has voiced any concern regarding the settlement or Class Counsel's petition for attorneys' fees and costs; as such it should be given final approval by the Court.

## II. The terms of the Settlement Agreement are fair, reasonable, and adequate.

The Settlement Agreement on its face is reasonable, especially in light of the real factual and legal disputes which exists in the case; including the extent of damages. The Settlement Agreement provides all Class Members a substantial benefit in light of the risk of no recovery in the case. The average individual claim for a class member is $1,159.74 after attorneys' fees and costs. (ECF No. 84-2.) The total recovery amount and average settlement amount per class member fall squarely within the range of recoveries made by prevailing plaintiffs and class members in other wage cases, including cases alleging impermissible rounding practices. *See generally Fulton v. TLC Lawn Care, Inc.*, 2012 WL 1788140 (D. Kan. May 17, 2012) (approving settlement of $40,371.40 for 14 employees' time rounding claims for an average settlement amount of $2,883.67 per class member); *Williams v. Aramark Sports, LLC*, 2011 WL 4018205 (E.D. Pa. Sept. 9, 2011); (approving $587,500.00 with $193,875.00 of that common fund being awarded to Class Counsel for attorneys' fees and costs for 5,817 class members' claims for an average settlement amount of $67.67 per class member); and *Renteria v. Cent. Beef Inc., L.L.C.*, 2013 WL 2192586 (M.D. Fla. May 21, 2013) (approving settlement of $27,700.00 for 18 employees' various wage claims for an average settlement amount of $1,538.89 per class member). Because this settlement provides a substantial benefit to the Class Members, final approval of this class action settlement is merited.

### III. The Settlement Agreement was reached through extensive arms' length negotiations.

The Parties have widely divergent views regarding the Hernandez's assertions in her Complaints and the factual and legal arguments she has made. (Johnson Decl. ¶ 23 ECF No. 87.) Despite this being the case, the Parties were able to work towards a compromise in this matter and did so at arms' length. (Johnson Decl. ¶ 23, ECF No. 87.) The Parties disagree with regard to both the Hernandez's basis for her action and the basis for La Fuente's affirmative defenses. (Johnson Decl. ¶ 24, ECF No. 87.) These differences over the facts and applicable law played out in multiple conversations leading up to and during the mediation on June 10, 2014. (Johnson Decl. ¶ 24, ECF No. 87.) Through the assistance of retired Judge Morton Denlow as a mediator, the Parties were able to reach a compromise in this matter. (Johnson Decl. ¶ 11, ECF No. 87.)

IV. **The Settlement Funds provide adequate relief for the Class Members and the allocation method equitably divides the Funds.**

The allocation of the Settlement Funds is fair and reasonable. (ECF No. 84-2.) The allocation is based on La Fuente's records produced in discovery. (Johnson Decl. ¶ 8, ECF No. 87.) Based on the total number of hours each Server worked within the statutory period, as compared to the total number of hours all Servers worked, each individual Server was assigned a *pro rata* percentage of the amount of hours worked. (Johnson Decl. ¶ 16, ECF No. 87; ECF No. 84-2.) Because potential damages in this matter are based exclusively on the number of hours each Server worked, the *pro rata* percentage that was applied to both the FLSA Settlement Fund and the Rule 23 Settlement Fund to determine each individuals' share of

those funds is fair and reasonable. (Johnson Decl. ¶ 17, ECF No. 87; ECF No. 84-2.) The allocation has been calculated in the most precise manner as possible.

V. **The requested enhancement payments for Hernandez and the individuals who sat for depositions are reasonable.**

The Settlement Agreement provides that Hernandez and each Class Member who was deposed shall receive an enhancement payment from the settlement fund in recognition of the benefit each Class Member derived from their efforts. The enhancement payments of $5,000 for Hernandez and $1,000 for each individual who was deposed are well within the range of similar enhancement payments. *See, e.g., Fosbinder-Bittorf v. SSM Health Care of Wisconsin, Inc.*, 2013 WL 5745102 (W.D. Wis. Oct. 23, 2013) (awarding enhancement payment of $15,000 to the named plaintiff). These enhancement payments are appropriate given the impact these individuals had on the outcome of the case.

VI. **Class Counsel has requested an award of fees which is consistent with the market rate and less than the actual amount billed in this matter.**

Class Counsel filed a motion for attorneys' fees of $78,333.33 of the settlement fund, in addition to $17,615.51; a total of $95,948.84. (ECF No. 92.) As explained in Class Counsel's brief in support, the United States District Courts for the Eastern and Western Districts of Wisconsin have both held that a one-third contingency rate for attorneys' fees in reasonable in FLSA and Wisconsin wage law hybrid actions. *See Trujillo et al., v. Saelens' Corp.*, 13-CV-1096-JPS, ECF No. 25, 37 (E.D. Wis. May 15, 2014); *Williams v. Cargill*, 2:09-cv-01006-LA, ECF No. 81 (E.D. Wis. Mar. 23, 2014); and *Denk v. Pine Ridge Assisted Living et al.*, 3:11-cv-00210-wmc, ECF No. 81 (W.D. Wis. Aug. 7, 2012); *Beierle v. BR Metal Technology*,

13-cv-1280, ECF Nos 28, 40 (E.D. Wis. June 26, 2014); *Brabazon v. Aurora Health Care Inc.*, 10-cv-714, ECF No. 113 (E.D. Wis. Nov. 10, 2011). Because the U.S. District Court for the Eastern District of Wisconsin and other federal courts have approved one-third of the common settlement fund for similar actions and Class Counsel's request for attorneys' fees is one-third of the common settlement fund, Class Counsel's petition for fees is both reasonable and within the rates charged within this market. As a result, Class Counsel's fee petition should be approved in this matter.

## Conclusion

For the reasons stated above, the Parties respectfully request the Court enter an Order granting final approval of the settlement of this dispute on the terms and in the amounts set forth in the Settlement Agreement. The Parties respectfully request the Court grant final approve of the settlement classes on the grounds set forth above.

Respectfully submitted this 10th day of October, 2014.

                                                               Respectfully submitted,

                                                               <u>s/Larry A. Johnson</u>
Larry A. Johnson
State Bar No. 1056619
ljohnson@hq-law.com
Summer. H. Murshid
State Bar No. 1075404
smurshid@hq-law.com
Hawks Quindel, S.C.
222 E Erie Street, Suite 210
Milwaukee, WI 53202
(414) 271-8650 (office)

(414) 271-8442 (facsimile)
Attorneys for Plaintiffs